# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN DILLON,

      Plaintiff,

v.                                Case No. _____

DISH NETWORK, LLC, a Colorado limited
liability company, authorized to, and doing
business in the State of New Mexico; DISH
NETWORK SERVICE, LLC, a Colorado
limited liability company, authorized to, and
doing business in the State of New Mexico;
and JOHN DOE, an employee and/or agent
of DISH NETWORK, LLC and/or DISH
NETWORK SERVICE, LLC;

      Defendants.

## NOTICE OF REMOVAL

      Defendants DISH Network, LLC, Dish Network Service, LLC, and Fictitious Defendant "John Doe," by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and the applicable Local Rules of the United States District Court for the District of New Mexico, hereby remove the above-captioned civil action from the Eighth Judicial District Court of the State of New Mexico, Taos County, to the United States District Court for the District of New Mexico.  In support thereof, Defendants state as follows:

### I.  PROCEDURAL HISTORY

      1.  Plaintiff John Dillon ("Dillon") commenced a civil action against Defendants in the Eighth Judicial District Court, County of Taos, State of New Mexico, captioned John

Dillon v. DISH Network, LLC, Dish Network Service, LLC, and John Doe, Cause No. D-820-CV-2022-00193. *See* Complaint, attached hereto as *Exhibit A*.

2.    Defendant DISH Network, LLC was served with the Complaint on June 28, 2022. *See* Summons Return, attached as *Exhibit B*.

3.    Defendant Dish Network Service, LLC was served with the Complaint on June 28, 2022. *See* Summons Return, attached as *Exhibit C*.

4.    Defendant "John Doe" c/o Dish Network Service, LLC was served with the Complaint on June 28, 2022. *See* Summons Return, attached as Exhibit D.

5.    The Notice of Removal has been filed in accordance with 28 U.S.C. §§1441(b) and 1446.

## II.    TIMELINESS OF REMOVAL

6.    This Notice of Removal is filed within 30 days of Defendants' receipt of service upon them.

7.    The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8.    Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Moreover, the matter has been pending for less than one year.

9.    Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely.

## III.    BASIS FOR REMOVAL

10. Removal of this case is proper under 28 U.S.C. §1441 and 28 U.S.C. §1332, because complete diversity of citizenship exists between the Plaintiff and Defendants and based upon assertions in the Complaint and a demand issued by Plaintiff, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

**A. Diversity of Citizenship**

**The Parties in this Action are Citizens of Different States.**

11. For diversity purposes, a person is a "citizen" of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

12. Plaintiff is a resident of Taos County, New Mexico. (*See Exhibit A* at ¶ 1). Accordingly, Plaintiff is also a citizen of the State of New Mexico.

13. Defendant DISH Network, LLC is a limited liability company formed under the laws of Colorado, with its headquarters located in Englewood, Colorado. An LLC is deemed to be a citizen of the state where each of its members resides. No member of DISH Network, LLC is a resident or citizen of New Mexico. Accordingly, Defendant DISH Network, LLC can be considered a citizen of New Mexico. For purposes of removal jurisdiction, Defendant DISH Network, LLC is not a citizen of New Mexico.

14. Defendant Dish Network Service, LLC is a limited liability company formed under the laws of Colorado, with its headquarters located in Englewood, Colorado. An LLC is deemed to be a citizen of the state where each of its members resides. No member of Dish Network Services, LLC is a resident or citizen of New Mexico. Accordingly, Defendant Dish Network Services, LLC can be considered a citizen of New Mexico. For purposes of removal jurisdiction, Defendant Dish Network Services, LLC is not a citizen of New Mexico.

15. The citizenship of the unnamed, unidentified Fictitious Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

16. Based upon the foregoing, for purposes of removal jurisdiction, complete diversity exists between Plaintiff and Defendants.

**B.  Value of Matter in Controversy**

17. Under 28 U.S.C. §1441(a), "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  The Tenth Circuit has clarified this standard by stating that the removing Defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play…[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955 (emphasis in original).  The Tenth Circuit has noted, however, that a Plaintiff cannot avoid removal merely by not alleging the jurisdictional amount, as such a practice/policy would frustrate the purpose of diversity jurisdiction, "which is, after all, to protect the out- of-state Defendant." *McPhail*, 529 F.3d at 955.

18. To determine whether the amount in controversy requirement is met, a court may aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed penalties, if any, but not interest or costs. *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, *3 (Jan. 17, 2008).

19. A removing Defendant may satisfy its burden by proving jurisdictional facts that make it possible that more than $75,000 is at issue by "rely[ing] on an estimate of the potential damages from the allegations in the complaint." *Id.*  In doing this, the Defendant may

specify the numerical value of the damage or may not and just allege that the amount in controversy exceeds $75,000 by setting out the specific factual allegations supporting that conclusion. *Id.* at 956 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) (stating that courts may consider the substance and nature of the injuries and damages described in the pleadings and finding significant value in Plaintiff's claims where complaint alleged "severe injuries" and "permanent impairment").

20. The Complaint, pursuant to the New Mexico Rules of Civil Procedure, contains no allegations for damages in a specific monetary amount.  The Complaint, however, alleges Plaintiff is entitled to compensatory damages for the following categories: serious bodily injury (concussion and traumatic brain injury, neck, back, ankle and arm); past and future medical expenses; past and future pain and suffering; past and future loss of enjoyment of life; nature, extent and duration of injury, including disfigurement or impairment; and loss of life expectancy.  *See Exhibit A,* ¶¶ 27, 34 and Prayer for Relief. Plaintiff has also asserted entitlement to punitive damages (*Id.,* Count III, pg. 9).

21. Although Defendants do not admit Plaintiff has been damaged in any amount by any act or omission of any Defendant, based on the damage allegations in the Complaint as well as the demand issued by Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

22. Thus, pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter, in that the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

## IV.     NOTICE OF ADVERSE PARTY AND STATE COURT

23. Defendants, upon filing this Notice of Removal, are filing a copy of this Notice of Removal with the District Clerk of the Eighth Judicial District Court in the State of New Mexico, Taos County, in accordance with 28 U.S.C. §1446(d).  A copy of the Notice of Filing of Notice of Removal is attached as *Exhibit C.*

24. Pursuant to by 28 U.S.C. Section §1446(d), written notice of removal is being served on counsel of record.

## V. FILINGS FROM STATE COURT DOCKET

25. Pursuant to D.N.M. LR-CIV 81.1(a) of the Local Civil Rules of the United States District Court for the District of New Mexico, legible copies of records and proceedings from the state court action are being filed herewith.

Defendants reserve, preserve, and do not waive, any and all defenses they may have to Plaintiff's Complaint, including without limitation, insufficiency of process, insufficiency of service of process, lack of jurisdiction over the person and failure to join necessary and indispensable parties.

WHEREFORE, Defendants respectfully request that this case be entered upon the docket of the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
P.O. Box 3170
Albuquerque, New Mexico 87190
Telephone: (505) 884-0777
Facsimile: (505) 889-8870

mrgarcia@btblaw.com
*Attorneys for Defendants*


I HEREBY CERTIFY that on the 26th day of
July 2022, I filed the foregoing electronically
through the CM/ECF filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

John F. Higgins – john@higginslawfirm.com
Robert M. Strumor – rstrumor@gmail.com
*Attorneys for Plaintiff*


*/s/ Monica R. Garcia*
Monica R. Garcia

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, expect as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| 1. (a) PLAINTIFFS<br>JOHN DILLON | DEFENDANTS DISH NETWORK, LLC<br>County of Residence of First Listed Defendant: Arapahoe County, CO |
|---|---|
| (b) County of Residence of First Listed Plaintiff: Taos County, NM<br><br>(EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED. |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | |
|---|---|
| John Frank Higgins<br>Higgins Law Firm<br>500 Marquette Ave NW, Suite 1200<br>Albuquerque, NM 87102<br><br>Phone: 505-944-5400<br>john@higginslawfirm.com<br><br>Robert M. Strumor<br>Law Offices of Robert M. Strumor, LLC<br>8 Likely Place, United A<br>Santa Fe, NM 87508<br>Phone: 505-660-2594<br>rstrumor@gmail.com | Butt Thornton & Baehr, P.C.<br>Monica R. Garcia, Esq.<br>4101 Indian School Rd. N.E. #300<br>Albuquerque, NM 87110<br>Telephone: 505- 884-0777<br>mrgarcia@btblaw.com |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUITE** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of<br>Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault Libel &<br>Slander<br>☐ 330 Federal Employers<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med.<br>Malpractice<br>☐ 365 Personal Injury –<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>of Property 21 USC<br>881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>Safety/Heath<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br><br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 480 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 875 Customer Challenge<br>12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease &<br>Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housings<br>Accommodations<br>☐ 444 Welfare<br>440 Other Civil Rights | ☐ 510 Motions to Vacate<br>Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt Reporting<br>& Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret Inc.<br>Security Act | ☐ 861 HIA (1395 ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIW C/DIW W<br>(405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS – Third Party<br>26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization<br>Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>Act<br>☐ 900 Appeal of Fee Determination<br>Under Equal Access to<br>Justice<br>☐ 950 Constitutionality of<br>State Statutes |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    (Cite the U.S. Civil Statute under which you are filing. (**Do not cite jurisdictional statutes unless diversity.**):<br>28 U.S.C. §1441 and 28 U.S.C. §1332

Brief description of cause: personal injuries and damages arising from trip and fall incident

**VII. REQUESTED IN COMPLAINT:**    CHECK IF THIS IS A CLASS ACTION<br>☐ UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in Complaint<br>JURY DEMAND: YES ☐   NO X

**VIII. RELATED CASES(S)**    (See instructions)<br>IF ANY    JUDGE_____    DOCKET NUMBER_____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 26, 2022 | /s/ Monica R. Garcia |

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
6/22/2022 6:53 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
NC

**STATE OF NEW MEXICO**
**COUNTY OF TAOS**
**EIGHTH JUDICIAL DISTRICT**

**JOHN DILLON,**

      **Plaintiff,**

**v.**                                    **No.**  D-820-CV-2022-00183

**DISH NETWORK, LLC, a Colorado limited**
**liability company, authorized to, and doing**
**business in the State of New Mexico; DISH**
**NETWORK SERVICE, LLC, a Colorado**
**limited liability company, authorized to, and**
**doing business in the State of New Mexico;**
**and JOHN DOE, an employee and/or agent**
**of DISH NETWORK, LLC and/or DISH**
**NETWORK SERVICE, LLC;**

      **Defendants.**

## COMPLAINT FOR NEGLIGENCE, GROSS NEGLIGENCE. PERSONAL INJURIES, COMPENSATORY AND PUNITIVE DAMAGES

COMES NOW, Plaintiff, John Dillon (hereinafter "Plaintiff" or "Plaintiff Dillon"), by and through his undersigned attorneys, THE LAW OFFICES OF ROBERT M. STRUMOR, LLC, Robert M. Strumor, Esq. and HIGGINS LAW FIRM, John Frank Higgins, and for Plaintiff's Complaint for Negligence, Gross Negligence, Personal Injuries and Compensatory and Punitive Damages states and alleges as follows:

**EXHIBIT A**

# I.

## Jurisdictional Background

1.      At all times material, Plaintiff was and is a sui *juris* resident of Taos County, New Mexico and over the age of eighteen (18);

2.      Upon information and belief, DISH NETWORK, LLC is and was at all times material hereto a limited liability company, organized and existing under the laws of the State of Colorado, which is duly authorized to conduct business within the State of New Mexico;

3.      Upon information and belief, DISH NETWORK SERVICE, LLC is and was at all times material hereto a limited liability company, organized and existing under the laws of the State of Colorado, which is duly authorized to conduct business within the State of New Mexico;

4.      DISH NETWORK, LLC and DISH NETWORK SERVICE, LLC (hereinafter collectively referred to as "DISH" or "Defendant Dish") have a principal place of business being located at 9601 S Meridian Blvd, Englewood, CO 80112. The registered agent of DISH for service of process is Corporation Service Company, 110 E. Broadway St, Hobbs, NM 88240.

5.      Upon information and/or belief, Defendant Dish has been conducting business in the County of Taos, State of New Mexico, itself and through its employees, affiliates, subsidiaries, agents, and independent contractors, continuously since January 22, 2004, by providing its customers with satellite television service to those customers in Taos County, New Mexico, and installing its equipment on the property of its customers and charging its customers for its satellite television service by billing and collecting a monthly fee from its customers;

6.      Plaintiff Dillon has been a continuous customer of Defendant Dish for more than ten years prior to the accident on July 1, 2019;

2

**EXHIBIT A**

7.     Upon information and belief, Defendant John Doe (hereinafter "Defendant Doe" or "Defendant John Doe") was at all times material to Plaintiff's claims an employee/tech/installer and agent of Defendant DISH and was working within the scope of his employment with Defendant Dish on July 1, 2019 when he was dispatched to Plaintiff's residence to reposition the Dish network satellite dish that has previously been installed by Defendant Dish on the Plaintiff's property in the County of Taos, State of New Mexico. (Defendant Dish and Defendant John Doe are referred to collectively as "Defendants" unless identified individually);

8.     When Defendant John Doe arrived at the Plaintiff's residence, he identified himself to Plaintiff only as "Robert" and did not provide the Plaintiff a last name or any documents with his full name on them or any other form of identification;

9.     When Defendant John Doe left the Plaintiff's residence on July 1, 2019, he did not present the Plaintiff with any work orders or other documents indicating that he had just performed a service on the Dish network satellite located on the Plaintiff's property;

10.     As of the date of this Complaint, Plaintiff has not discovered the full name of Defendant John Doe, however, upon information and/or belief Defendant John Doe is a resident of Taos County, New Mexico, and was an employee of Defendant Dish on July 1, 2019 the date of the accident and later on July 27, 2019 when he returned to the Plaintiff's residence, again, at the direction of Defendant Dish;

11.     Plaintiff expects to learn the full identity and job description of Defendant John Doe through discovery and will request leave of the Court to amend this Complaint to allege the true name and capacity of Defendant John Doe when his identity becomes known;

3

**EXHIBIT A**

12.     This Court has jurisdiction over the subject matter herein because the injuries to the Plaintiff caused by the Defendants occurred in Taos County, New Mexico. In addition, Defendant Dish actively conducts business in Taos County, New Mexico and, therefore, this Court has *in personam* jurisdiction over the named parties in this action.  In addition, venue is proper in this Court.

## II.

## Facts Common to All Claims

13.     On July 1, 2019, Plaintiff authorized Defendant Dish through its representatives, agents, employees, affiliates, and/or its subcontractors at the Plaintiff's home in Taos County, New Mexico, to correct a technical problem with Defendant Dish's satellite and reception equipment which had been causing poor quality reception for Plaintiff's home television;

14.     On July 1, 2019, Defendant John Doe arrived at Plaintiff Dillon's residence in a vehicle that was clearly marked with the Dish logo. In addition, Defendant John Doe came to the property and he identified himself as "Robert" from DISH, however, he did not present the Plaintiff with any form of identification;

15.     Defendant John Doe, who has previously identified himself as Robert, diagnosed the problem as the mis-positioning of the Defendant Dish's satellite equipment, and proceeded to remedy the situation by moving the satellite dish and cable attached to the antenna from where it was previously located on the East side of an earthen walkway leading out of Plaintiff's residence to a location on the Plaintiff's driveway which was approximately 10 to 12 feet to the West side of the same earthen walkway;

4

**EXHIBIT A**

16.     Defendant John Doe knew or should have known that moving the location as recommended would leave a coaxial cable exposed on the primary pathway from the Plaintiff to his driveway and the location where his vehicle was parked;

17.     Despite the representation, by Defendant John Doe that the cable would be buried, Defendant John Doe left the Plaintiff's premises without burying the cable;

18.     Later on the evening of July 1, 2019, at dusk, Plaintiff Dillon, who was not aware that the DISH cable had not been buried, left his house to retrieve some property from his parked truck, tripped over the unburied and exposed DISH cable;

19.     As the result of tripping and falling on the exposed DISH cable, the Plaintiff fell and landed on his driveway directly on his head, neck, back, ankle and arm causing him to suffer serious injuries to his head, back, neck, ankle and arm, including but not limited to a concussion and traumatic brain injury.

### III.

### COUNT I

### Negligence of Defendant Dish, Creating a Dangerous Condition

20.     Defendant John Doe and Defendant Dish created a dangerous condition by positioning of the DISH cable directly on top and across the walkway leading from the Plaintiff's family residence to the Plaintiff's driveway, which directly and proximately caused Plaintiff Dillon to unexpectedly trip and fall over the exposed unburied cable, causing the Plaintiff grievous and permanent serious injuries;

21.     Defendant Dish, through its employee Defendant Doe, negligently and recklessly placed the naked cable across Plaintiff's path of walking without warning the Plaintiff or marking

**EXHIBIT A**

the exposed cable or installing any protective covering over the exposed cable and thereby Defendants Dish and John Doe created an unreasonably dangerous condition which directly and proximately caused Plaintiff Dillon to incur immediate and permanent personal injuries, medical expenses and pain and suffering, including but not limited to traumatic brain injury .

22.     Defendant DISH and its affiliates, agents, contractors and employees, in particular, Defendant John Doe, owed Plaintiff John Dillon a duty to use ordinary care to keep the worksite premises, safe and secure for the Plaintiff, in this case Plaintiff's walkway and yard where DISH's antennae and cable were re-located by Defendant Dish;

23.     Defendants' negligence includes, but is not limited to, creating an unsafe condition by re-positioning of the DISH satellite dish and cable and subsequent placement of it directly across the Plaintiff's walkway without burying it so as to avoid a trip hazard, without warning to Plaintiff, and failing to adequately train its tech installers in the proper and safe placement of a cable which should have been buried or marked so as to not create an obvious trip hazard to the Plaintiff;

24.     Defendants' negligence includes one or more of the following acts or omissions: actually creating the hazard on Plaintiff's premises which caused Plaintiff's injuries, failure to provide adequate safeguards, failure to inspect the premises for hazardous and dangerous conditions, failure to adequately maintain or repair the premises, failure to properly train and supervise its employees, negligent management of the premises, and/or failure to otherwise avoid, discover and correct the hazardous situation that caused Plaintiff Dillon to trip and fall and thereby suffering serious and permanent injuries;

6

**EXHIBIT A**

25.     The foregoing described acts and omissions of Defendants are so egregious as to constitute gross negligence which entitles the Plaintiff to recover punitive damages against the Defendants in addition to compensatory damages due to the Defendants' ordinary negligence;

26.     The accident suffered by the Plaintiff on July 1, 2019, which seriously and permanently injured the Plaintiff, occurred as a direct and proximate result of Defendants' negligence (which may be shown, *inter alia,* by means of circumstantial evidence or *res ipsa loquitur*);

27.     As a direct result of Defendants' negligence, Plaintiff has suffered compensatory damages and/or losses including but not limited to:

A.     Past Medical Expenses;

B.     Future Medical Expenses;

C.     Past Pain and Suffering;

D.     Future pain and suffering;

E.     Past Loss of Enjoyment of Life;

F.     Future Loss of Enjoyment of Life;

G.     Nature, Extent and Duration of Injury, including Disfigurement or Impairment and loss of quality of life and loss of life expectancy.

## IV.

### COUNT II - *Respondeat Superior*

### Negligence of Defendant DISH Failing to Train, Monitor, and Supervise its Employees

28.     Plaintiff restates and incorporates Paragraphs 1-27 of Plaintiff's Complaint as if fully pleaded herein;

**EXHIBIT A**

29.     Defendant John Doe, as an employee, agent or contractor of  DISH, and in the furtherance of DISH's business interests, negligently mismanaged the diagnosis, planning and implementation of moving/protecting and not properly burying the DISH cable on Plaintiff's property, and Defendant John Doe's negligent acts and omissions caused Plaintiff Dillon's injuries described herein;

30.     Defendant Dish failed to properly train, monitor and supervise Defendant John Doe, and Defendant Dish negligently and recklessly entrusted Defendant John Doe with the task of repairing and re-positioning the DISH cable at Plaintiff's residence;

31.     Defendant Dish and its management knowingly approved of and later ratified Defendant John Doe's installation of the cable at Plaintiff's residence even though they knew or should have known of Defendant John Doe's lack of qualifications;

32.     Defendant Dish's failure to adequately train, monitor, and supervise Defendant John Doe directly caused the Plaintiff's injuries and entitles the Plaintiff to recover compensatory and punitive damages against Defendant Dish for its failure to train, monitor, and supervise Defendant John Doe;

33.     Defendant Dish is liable for both its direct negligence in negligently retaining, training, monitoring, and supervising Defendant John Doe and in later approving of and ratifying Defendant John Doe's negligent, reckless, and intentional conduct under the New Mexico law of agency and the doctrines of negligent entrustment and *Respondeat Superior*;

34.     Each of the above acts and/or omissions by Defendants Dish and John Doe were singularly and/or cumulatively a proximate and legal cause of the injuries, damages, and pain and suffering of the Plaintiff.

8

**EXHIBIT A**

## V.

## COUNT III

## Punitive Damages

35.     Plaintiff restates and incorporates herein by reference foregoing paragraphs 1-34 as if fully pleaded herein and further states and alleges as follows:

36.     The aforementioned acts and omissions of Defendants Dish and Defendant John Doe were not only negligence but were intentional, willful and gross negligence  that resulted in Plaintiff's severe injuries and losses and entitles the Plaintiff to an award of punitive damages;

37.     It is the intent of punitive damages to punish and/or deter the Defendants from future like conduct that injured the Plaintiff and could cause injury and damages to others;

38.     Because the conduct by act or omission of Defendant Dish and Defendant John Doe was intentional, reckless and willful and/or with callous indifference to life, Plaintiff Dillon is entitled to recover an award of punitive damages against the Defendants in amounts to be determined at the trial of this case.

WHEREFORE, Plaintiff Dillon, prays for a money judgment against Defendants in an amount to be determined at time of trial to include, but not limited to: past and future medical expenses, non-medical expenses, past and future pain and suffering, lost household services, loss of enjoyment of life, loss of life expectancy, taking into account the nature, extent and duration of injury, pre- and post-judgement interest, costs, and such other and further relief as the Court deems just and proper.

**EXHIBIT A**

Respectfully submitted,

HIGGINS LAW FIRM

*/s/John F. Higgins*
John Frank Higgins
500 Marquette Ave NW, Suite 1200
Albuquerque, NM 87102
Tel: 505.944.5400
Email: john@higginslawfirm.com

-and-

LAW OFFICES OF ROBERT M. STRUMOR, LLC

*/s/ Robert M. Strumor*
Robert M. Strumor, Esq.
8 Likely Place, Unit A
Santa Fe, NM 87508
Tel: 505.660.2594
Email: rstrumor@gmail.com

**EXHIBIT A**

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
7/15/2022 11:59 AM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK
NC

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><h3>SUMMONS</h3></td></tr>
<tr>
<td>District Court: <b>Eighth Judicial District Court</b><br><b>Taos</b>    County, New Mexico<br>Court Address: <b>105 Albright St., Suite N</b><br><b>Taos, NM 87571</b><br>Court Telephone Number.: <b>575-758-3173</b></td>
<td>Case Number: D-820-CV-2022-00183<br><br>Judge:</td>
</tr>
<tr>
<td>Plaintiff(s): <b>John Dillon</b><br>v.<br>Defendant(s): <b>Dish Network, LLC</b></td>
<td>Defendant <b>Dish Network, LLC</b><br>Name:    <b>CORPORATION SERVICE COMPANY</b><br>Address:   <b>110 E. Broadway St. Hobbs, NM 88240</b></td>
</tr>
</table>

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

     1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

     2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

     3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

     4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

     5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

     6.      If you need an interpreter, you must ask for one in writing.

     7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

      Dated at    Taos        , New Mexico, this 2nd day of  June   , 20 22 .

Lauren M. Felts-Salazar
CLERK OF COURT



By: /s/ Nicole Concha

    Deputy

                             Attorney for Plaintiff or
                             Plaintiff pro se

**EXHIBIT B**

Name:   John F. Higgins
Address:   500 Marquette Ave NW, Suite 1200
Albuquerque, NM 87102
Telephone No.:  (505) 944-5400
Fax No.:  (505) 213-0900
Email Address:  john@higginslawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO     )
                        )ss
COUNTY OF Bernalillo    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Bernalillo county on the 28 day of June , 2022, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[X]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for

**EXHIBIT B**

defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:     _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this  14  day of  July , 2022.

_____
Judge, notary or other officer
authorized to administer oaths

Notary
Official title

OFFICIAL SEAL
John Higgins
NOTARY PUBLIC · STATE OF NEW MEXICO
My Commission Expires  10-1-25

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

**EXHIBIT B**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dish Network LLC
Corporation Service Company
110 E. Broadway St.
Hobbs, NM 88240

9590 9402 7272 1284 5372 15

2. Article Number *(Transfer from service label)*

7021 2720 0000 1574 7450

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**EXHIBIT B**

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
7/15/2022 12:01 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

NC

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>District Court: <strong>Eighth Judicial District Court</strong><br><strong>Taos</strong>    County, New Mexico<br>Court Address: <strong>105 Albright St., Suite N</strong><br><strong>Taos, NM 87571</strong><br>Court Telephone Number.: <strong>575-758-3173</strong></td>
<td>Case Number: D-820-CV-2022-00183<br><br>Judge:</td>
</tr>
<tr>
<td>Plaintiff(s):  <strong>John Dillon</strong><br>v.<br>Defendant(s):  <strong>Dish Network Service, LLC</strong></td>
<td>Defendant  <strong>Dish Network Service, LLC</strong><br>Name:   <strong>CORPORATION SERVICE COMPANY</strong><br>Address:  <strong>110 E. Broadway St. Hobbs, NM 88240</strong></td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

      1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

      2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

      3.     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

      4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

      5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

      6.     If you need an interpreter, you must ask for one in writing.

      7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

      Dated at     Taos    , New Mexico, this 2nd day of  June , 20 22 .

Lauren M. Felts-Salazar

CLERK OF COURT

By: /s/ Nicole Concha
      Deputy



    Attorney for Plaintiff or
    Plaintiff pro se

**EXHIBIT C**

Name:  John F. Higgins
Address:  500 Marquette Ave NW, Suite 1200
          Albuquerque, NM 87102
Telephone No.:  (505) 944-5400
Fax No.:  (505) 213-0900
Email Address:  john@higginslawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO           )
                              )ss
COUNTY OF Bernalillo          )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in Bernalillo county on the 28 day of
June , 2022, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]     to the defendant _____ *(used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint)*

[X]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used
when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, *(used when the defendant is not
presently at place of abode)* and by mailing by first class mail to the defendant at
_____ *(insert defendant's last known mailing address)* a copy of the summons
and complaint.

[ ]     to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ *(insert defendant's business address)* and by mailing the summons
and complaint by first class mail to the defendant at _____ *(insert defendant's
last known mailing address)*.

[ ]     to _____, an agent authorized to receive service of process for

**EXHIBIT C**

defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name. a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:    _____

_Mary Higgins_
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _14_ day of _July_, _2022_

_John Higgins_
Judge, notary or other officer
authorized to administer oaths
_Notary_
Official title

OFFICIAL SEAL
John Higgins
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires _10-1-25_

USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

**EXHIBIT C**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dish Network Service, LLC
Corporation Service Company
110 E. Broadway Street
Hobbs, NM 88240

9590 9402 7272 1284 5371 85

2. Article Number (Transfer from service label)

7021 2720 0000 1574 7443

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT C**

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

FILED
8TH JUDICIAL DISTRICT COURT
TAOS COUNTY NM
FILED IN MY OFFICE
7/15/2022 12:04 PM
LAUREN M. FELTS-SALAZAR
DISTRICT COURT CLERK

NC

| | |
|---|---|
| **SUMMONS** | |
| District Court: **Eighth Judicial District Court**<br>**Taos** County, New Mexico<br>Court Address: **105 Albright St., Suite N**<br>**Taos, NM 87571**<br>Court Telephone Number.: **575-758-3173** | Case Number: D-820-CV-2022-00183<br><br>Judge: |
| Plaintiff(s):  **John Dillon**<br>v.<br>Defendant(s):John Doe c/o Dish Network Service, LLC | Defendant John Doe c/o Dish Network Service, LLC<br>Name:   **CORPORATION SERVICE COMPANY**<br>Address:  **110 E. Broadway St. Hobbs, NM 88240** |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3.    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need an interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

    Dated at _____Taos_____, New Mexico, this 22nd day of _June_, 20 22 .

Lauren M. Felts-Salazar

CLERK OF COURT

/s/ Nicole Concha

By: _____
    Deputy

                                   Attorney for Plaintiff or
                                   Plaintiff pro se

**EXHIBIT D**

Name:  John F. Higgins
Address:  500 Marquette Ave NW, Suite 1200
          Albuquerque, NM 87102
Telephone No.:  (505) 944-5400
Fax No.:  (505) 213-0900
Email Address:  john@higginslawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO          )
                             )ss
COUNTY OF Bernalillo         )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in Bernalillo county on the 28 day of
June, 2022, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]     to the defendant _____ *(used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint)*

[X]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used
when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, *(used when the defendant is not
presently at place of abode)* and by mailing by first class mail to the defendant at
_____ *(insert defendant's last known mailing address)* a copy of the summons
and complaint.

[ ]     to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ *(insert defendant's business address)* and by mailing the summons
and complaint by first class mail to the defendant at _____ *(insert defendant's
last known mailing address).*

[ ]     to _____, an agent authorized to receive service of process for

**EXHIBIT D**

defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]   to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees:   _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _14_ day of _July_, _2022_.

_John Higgins_
Judge, notary or other officer
authorized to administer oaths
_Notary_
Official title

OFFICIAL SEAL
John Higgins
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires: 10-1-25

### USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

**EXHIBIT D**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Doe c/o Dish Network
Service, LLC
Corporation Service Company
110 E, Broadway, St.
Hobbs, NM 88240

9590 9402 7272 1284 5372 39

2. Article Number (Transfer from service label)

7021 2720 0000 1574 7436

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT D**