IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DILLON,

    Plaintiff,

v.                                                    1:22-cv-00557-MV-JMR

DISH NETWORK, LLC, a Colorado
limited liability company, authorized to
and doing business in the State of New
Mexico; DISH NETWORK SERVICE,
LLC, a Colorado limited liability
company, authorized to and doing
business in the State of New Mexico;
and JOHN DOE, an employee and/or
agent of DISH NETWORK, LLC and/or
DISH NETWORK SERVICE, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff's Motion for Extension of Time (Doc. 20) and Amended Motion for Substitution of Parties (Doc. 21). Defendants filed a response to both motions. Docs. 22, 23. Plaintiff filed a reply to the Motion for Extension of Time only. Doc. 24. Having reviewed the submissions of the parties and the relevant law, I conclude that Ms. Adams shows excusable neglect for failing to meet the deadline to file a motion for substitution. I therefore GRANT plaintiff's Motion for an Extension of Time (Doc. 20) and Amended Motion for Substitution of Parties (Doc. 21).[1]

---

[1] The Court's ruling on this matter is non-dispositive as it does not remove any claim or defense from this case. *See, e.g.*, *Chedester v. Basehor*, No. 21-cv-2250, 2022 WL 17569721 (D. Kan. Nov. 17, 2022) (magistrate judge granted motion for substitution under Rule 25(a)(1) as a non-dispositive motion); *Nat'l Surety Corp. v. Bozeman*, No. 20-cv-01187, 2021 WL 9937882, at *1 n.2 (D. Colo. Dec. 15, 2021) (same); *Butler v. Colgate-Palmolive Company, Inc.*, No. 08-cv-2622, 2009 WL 10688956 (D. Kan. June 24, 2009) (unpublished) (same). *But see In re Motor Fuel Temperature Sales Practices Litigation*, No. 07-cv1840, 2010 WL 4568982, at *1 (D. Kan.

**I.     Background**

This case was filed by John Dillon on June 22, 2022, in state court. Doc. 1 at 10. Mr. Dillon accused defendants, Dish Network, of causing him to trip and fall over an exposed cable after they performed maintenance on his television satellite dish. *Id.* at 13–14. On July 26, 2022, defendants removed the case to federal court. *Id.* at 1. On August 9, 2022, plaintiff's attorney filed a Notice of Suggestion of Death indicating that Mr. Dillon had died. Doc. 6.

Pursuant to Federal Rule of Civil Procedure 25(a)(1), a motion for substitution of parties was due November 7, 2022, ninety days after the suggestion of death was filed. No such motion was filed during the ninety-day period. On March 6, 2023, the Court issued an Order to Show Cause requiring "a written explanation showing good cause why this case should not be dismissed," because no one had substituted in for Mr. Dillon. Doc. 10 at 2. On March 16, 2023, plaintiff's attorney filed a Motion to Withdraw as Attorney, wherein he stated that Mr. Dillon's widow, Lucille Adams, "decided not to pursue the claims of the deceased Plaintiff." Doc. 11 at 1. As such, the Court granted the motion to withdraw. Doc. 12.

On March 22, 2023, a new attorney entered an appearance for the deceased plaintiff. Doc. 13. The new attorney responded to the Court's Order to Show Cause (Doc. 10). Doc. 14. Therein, the new attorney explained, "As a result of the tragic, sudden death of Mr. Dillon, his wife, Lucille A. Adams[,] was i[n] a state of profound grief and shock, which le[d] to a misunderstanding and/or miscommunication between herself and prior counsel for the Plaintiff."

---

Nov. 3, 2010) (unpublished) (holding that denial of a motion for substitution under Rule 25(a)(1) was dispositive when the denial extinguished the claim).

*Id.* at 2. The same day, Ms. Adams filed an opposed motion to substitute herself in as plaintiff to pursue her husband's interests. Doc. 15. The Court denied that motion without prejudice for procedural reasons. Doc. 18. The Court ordered plaintiff to re-file a motion to substitute and file a concurrent motion for extension of time within thirty days. *Id.*

Now, Ms. Adams has re-filed that motion to substitute herself in as plaintiff (Doc. 21) and a corresponding motion to extend the time period for filing a motion to substitute (Doc. 20).

**II.    Discussion**

Federal Rule of Civil Procedure 25(a)(1) states,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A motion to substitute "may not be made later than 90 days after the service of the [suggestion of death] unless the period is extended pursuant to Rule 6(b)." FED. R. CIV. P. 25 advisory committee's note to 1963 amendment. Federal Rule of Civil Procedure 6(b)(1)(B) states a court may extend the deadline after the deadline has expired only upon a showing of "excusable neglect."

To determine whether there was excusable neglect for missing a deadline, courts look to several factors. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). Those factors include: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* Courts generally give the greatest weight to the third factor—the

3

reason for the delay. *See, e.g.*, *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (citation omitted) ("fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable"); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("despite the flexibility of 'excusable neglect' and the existence of the four-factor test . . . we and other circuits have focused on the third factor"); *In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) ("The reason for the delay is the most important of the *Pioneer* factors."). Excusable neglect is a "somewhat elastic concept." *Pioneer*, 507 U.S. at 392.

      **a.    Ms. Adams has demonstrated excusable neglect for missing the deadline to file a motion for substitution.**

Ms. Adams asks the Court to extend the deadline for her to file a motion for substitution, pursuant to Rule 6(b)(1)(B). Doc. 20 at 1. Ms. Adams argues that her failure to file a timely motion to substitute was due to excusable neglect. *Id.* at 2–3. Specifically, she reasons that she was never served with the legal statement noting her husband's death on the record, which is required by Federal Rule of Civil Procedure 25(a)(3),[2] and that her "profound grief and shock" led to a misunderstanding between herself and Mr. Dillon's former attorneys. *Id.* at 2. On the other hand, the defendants argue that Ms. Adams fails to show excusable neglect and the substitution deadline should not be extended. Doc. 23. In support, defendants explain that Ms. Adams has failed to prove her factual contentions because she did not submit an affidavit proving her claims. *Id.* at 2–3. Defendants also argue that they will be "substantially

---

[2] As Ms. Adams's counsel concedes that the ninety-day limitation period under Rule 25(a)(1) has run, this argument is irrelevant. Doc. 20 at 2. *But see Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that the ninety-day limitation period does not start running until the non-party personal representative of the decedent's estate is served).

prejudice[d]" if the motion for extension of time is granted because they are going to be unable to depose or observe Mr. Dillon. *Id.* at 3. In her reply, Ms. Adams supplies the requested affidavit to support her factual claims. Doc. 24-1.

I agree with Ms. Adams. She has shown excusable neglect for missing the deadline to file a motion to substitute and in support of this conclusion, I analyze the *Pioneer* factors below.

    **i.**    **Reason for Delay**

Ms. Adams's reason for the delay—arguably the most important *Pioneer* factor—strongly weighs in favor of granting the motion for extension of time. *See Pioneer*, 507 U.S. at 395.

Ms. Adams's husband died suddenly on August 9, 2022. Doc. 20 at 1–2. Ms. Adams is currently involved in a wrongful death suit regarding the circumstances of her husband's tragic passing. *Id.* at 2. The same day Mr. Dillon died his attorneys filed a Suggestion of Death with this Court. Doc. 6. Thus, the ninety-day clock for Ms. Adams's to file a motion for substitution theoretically started the same day she learned her husband died. *But see supra* n.2. Ms. Adams was shocked and grieving following her husband's death. Doc. 24-1 at 1. Her grief led to an understandable miscommunication with her husband's former attorneys. Doc. 20 at 2. Ms. Adams intended to communicate to her husband's attorneys that she wanted to use different attorneys for the wrongful death action, not for *this* action. *Id.* Based on this misunderstanding, Mr. Dillon's attorneys in this matter were under the mistaken belief that Ms. Adams no longer wished to pursue Mr. Dillon's claims here. *See* Doc. 11. Shortly after Ms. Adams's new attorney appeared in this matter, he filed a motion to substitute her in as plaintiff. Docs. 13, 15. The motion was four-and-a-half months late. *Id.* Because the motion to substitute was not

5

accompanied by a motion for an extension of time under Rule 6(b), the Court could not grant it. *See* Doc. 18. The Court then ordered Ms. Adams's attorney to file the appropriate motions, which led to some additional, excusable delay. *Id.* Under these circumstances, Ms. Adams's explanation demonstrates that the delay in filing a motion to substitute was due to excusable neglect.

### ii.     Good Faith

The good faith *Pioneer* factor also weighs in Ms. Adams's favor. *See Pioneer*, 507 U.S. at 395. Indeed, defendants have not alleged that Ms. Adams's motions are made in bad faith, and the Court has no reason to suspect Ms. Adams is not acting in good faith.

### iii.     Length of Delay

The length of the delay marginally weighs against Ms. Adams's motion. *See Pioneer*, 507 U.S. at 395. As defendants argue, this motion was filed seven months after the deadline. Doc. 22 at 2. Yet, two-and-a-half months of the delay was due to reasonable procedural error. *See* Doc. 18 (denying the original motion for substitution for failure to file a concurrent Rule 6(b) motion and ordering plaintiff to re-file). As discussed above, the other four-and-a-half months of delay was justifiable.

### iv.     Prejudice to Nonmovant

Defendants will not be prejudiced by the Court granting this motion. *See Pioneer*, 507 U.S. at 395. As defendants point out, Mr. Dillon is no longer available to be deposed or observed. Doc. 22 at 2. But this prejudice is the result of Mr. Dillon's death itself, not Ms. Adams's delay in filing a motion to substitute. *See Conkling v. Tri-State Careflight, LLC*, No. 14-cv-0234-WJ-KBM, 2016 WL 9819532, at *4 (D.N.M. Aug. 3, 2016) (unpublished) (finding

no prejudice to defendants when plaintiff passed away and successor in interest filed a late motion to substitute). The unavoidable prejudice to the defendants from Mr. Dillon's death is not attributable to Ms. Adams and this fact should not be held against her.

Upon weighing all of the *Pioneer* factors, Ms. Adams's has shown excusable neglect for missing the deadline to move to substitute herself in as plaintiff. The reason for the delay, her good faith, and the lack of prejudice to the defendant each weigh in favor of an extension. Further, the length of the delay does not outweigh the justification for it. Therefore, I find that there is good cause to grant her Motion for an Extension of Time (Doc. 20).

        **b.**        **Ms. Adams may substitute in as plaintiff.**

As Mr. Dillon's widow, Ms. Adams moves to substitute herself in as plaintiff. Doc. 21. Defendants oppose the motion. Doc. 22. However, defendants do not provide any rationale for denying the motion to substitute, other than the argument that the motion is late. *See id.* Having decided to extend the deadline for Ms. Adams to file the motion to substitute, I see no reason to deny her motion to substitute.

First, Mr. Dillon's claim is not extinguished by his death. *See* FED. R. CIV. P. 25(a) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). In his complaint, Mr. Dillon alleged that defendants were negligent for (1) creating a dangerous condition and (2) failing to train, monitor, and supervise its employees. Doc. 1 at 14–17 (Exh. A). Both claims are made pursuant to New Mexico state law. *Id.* Under New Mexico law, personal injury claims arising from negligence survive the death of the plaintiff. *Oliveros v. Mitchell*, 449 F.3d 1091, 1094 (10th Cir. 2006) (citing *Rodgers v. Ferguson*, 1976-NMCA-098, ¶

9, 89 N.M. 688, 691, 556 P.2d 844, 847). As such, Mr. Dillon's claims are not extinguished by his death.

Second, Ms. Adams has been appointed Mr. Dillon's personal representative and accordingly is the appropriate person to pursue this matter. *See* FED. R. CIV. P. 25(a) ("A motion for substitution may be made by any party or by the decedent's successor or representative."); *see also* Doc. 20-1 (state court order appointing Ms. Adams as his personal representative).

As such, under Rule 25(a)(1), Ms. Adams may be substituted in as plaintiff. The Amended Motion for Substitution of Parties (Doc. 21) is hereby granted.

### III.  Conclusion

For the above reasons, I find that Ms. Adams has demonstrated excusable neglect for missing the deadline to file a motion to substitute in as plaintiff following her husband's death. Therefore, Ms. Adams's Motion for Extension of Time (Doc. 20) is hereby GRANTED. Ms. Adams's Amended Motion for Substitution of Parties (Doc. 21) is also GRANTED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge